**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier ZAMARRIPA, Defendant–Appellant.**

No. 04–41543.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 21, 2005.

Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Laredo, TX, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Jose Eduardo Pena, Law Offices of J. Eduardo Pena, Laredo, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

Javier Zamarripa appeals his sentence of 18 months in prison following his guilty-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea conviction for transporting an illegal alien for profit, in violation of 8 U.S.C. § 1324. The district court arrived at Zamarripa's sentence by applying the enhancement at U.S.S.G. § 2L1.1(b)(5), after it found that Zamarripa recklessly endangered illegal aliens by transporting them lying down, covered with wood, in the bed of his truck.

Zamarripa challenged the enhancement, arguing that such judicial fact-finding violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Blakely* reaffirmed the rule that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.' " *Blakely*, 124 S.Ct. at 2536 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

After Zamarripa was sentenced, the Supreme Court issued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applying its holding in *Blakely* to the Federal Sentencing Guidelines. Because the district court enhanced Zamarripa's sentence based on its factual determination, other than the fact of a prior conviction, the district court committed error under *Booker*.

Zamarripa preserved his argument by raising it in the district court. Ordinarily, when a defendant presents a preserved *Booker* issue, we vacate the sentence and remand, unless the Government can demonstrate that the error was harmless beyond a reasonable doubt. *United States v. Pineiro*, 410 F.3d 282, 284–85 (5th Cir. 2005). Here, the Government has waived argument with respect to error. Accordingly, the Government cannot demonstrate harmless error, and Zamarripa's sentence must be vacated and remanded for resentencing.

VACATED AND REMANDED.